IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRAIG PITTMAN, Individually, | § | |
| KELLY KONACK PITTMAN, Individually, | § | |
|     Plaintiffs, | § | |
| vs. | § | Civil Action No. 3:18-CV-3076-M-BH |
| | § | |
| SETERUS, INC., | § | |
|     Defendant. | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court are *Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)*, filed December 3, 2018 (doc. 9), and *Plaintiffs' Motion for Leave to File Sur-Reply to Defendant's Reply to Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss*, filed February 7, 2019 (doc. 24). By *Order* filed April 24, 2019 (doc. 29), also before the Court is *Plaintiffs' Emergency Ex Parte Application for Temporary Restraining Order, Preliminary Injunction and Order to Show Cause*, filed April 24, 2019 (doc. 28). Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED**, and the application for a temporary restraining order and preliminary injunction should be **DENIED**, and the motion for leave to file a surreply is **DENIED**.

### I. BACKGROUND

This removed case involves the attempted foreclosure of real property located at 9310 Mill Hollow Drive, Dallas, Texas 75243 (the Property). (doc. 1-1 at 11.)[2] On December 1, 2005, Craig Pittman and Kelly Konack Pittman (Plaintiffs) executed a Texas Home Equity Adjustable Rate Note (the Note) secured by a Texas Home Equity Security Instrument (Deed of Trust) (collectively, the

---

[1] By *Special Order No. 3-251*, this pro se case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Loan Agreement) in favor of First Magnus Financial Company (FMFC) encumbering the Property for the original principal amount of $220,000.00. (*Id.* at 16-18, 32-46, 49, 59-62.) Federal National Mortgage Associate (Fannie Mae) is the current mortgagee of the Loan Agreement, and Seterus, Inc. (Defendant) is the mortgage servicer. (*Id.* at 16, 32, 49-51, 59.) Under the terms of the Loan Agreement, Plaintiff would be in default if they failed to timely pay the full amount of each required monthly payment and subject to acceleration of the loan and foreclosure proceedings. (*Id.* at 34, 43-44, 60-61.) They failed to make their payments under the Loan Agreement, and the debt was accelerated on October 17, 2013. (*Id.* at 16, 55-56.)

**A.     First Lawsuit**

On October 3, 2014, Plaintiffs filed a *pro se* petition in state court against Defendant, FMFC, Fannie Mae, and others, seeking to prevent the scheduled foreclosure sale of the Property. (doc. 1-1 at 99-100); *see also Craig Pittman and Kelly Konack Pittman v. Seterus, Inc., et al.*, Civil Action No. 3:14-CV-3852-M (BF) (N.D. Tex.) (First Lawsuit). The lawsuit was subsequently removed to federal court on October 29, 2014. (*Id.* at 100.) Fannie Mae then filed a counterclaim seeking a judgment allowing it to foreclose on the Property due to Plaintiffs' failure to make their payments under the terms of the Loan Agreement. (*Id.* at 99-103.) On June 15, 2015, the defendants moved for summary judgment "as to all of the [Plaintiffs'] claims and causes of action." *Pittman v. Seterus, Inc.*, No. 3:14-CV-3852-M (BF), 2015 WL 7444108, at *1 (N.D. Tex. Oct. 28, 2015), *adopted by*, 2015 WL 7424766 (N.D. Tex. Nov. 23, 2015). The motion was granted as to all of Plaintiffs' claims. *Id.* at *6; *see Pittman v. Seterus, Inc.*, No. 3:14-CV-3852-M (BF), 2015 WL 7424766, at *1 (N.D. Tex. Nov. 23, 2015). Fannie Mae subsequently "moved to amend the Judgment entered by the District Court to include its counter-claim as part of an amended final judgment." *Pittman*

2

*v. Seterus, Inc.*, No. 3:14-CV-3852-M (BF), 2016 WL 4791926, at *1 (N.D. Tex. Jan. 8, 2016). On January 19, 2016, an amended judgment was entered that specifically addressed the counterclaim and permitted the Loan Agreement to be enforced "through non-judicial foreclosure of the Property . . . ." (doc. 1-1 at 93-95.)

**B.      Current Lawsuit**

On October 16, 2018, Defendant sent Plaintiffs a Notice of Posting and Sale and a Notice of Foreclosure; the foreclosure sale scheduled to take place on November 6, 2018. (*Id*. at 16, 49-51.) Plaintiffs filed their *pro se* petition and application for a temporary restraining order and injunctive relief in the 192nd District Court of Dallas County on November 2, 2018, to stop the scheduled foreclosure sale. (doc. 1-1 at 10-24.) The state court initially granted Plaintiffs' request for a temporary restraining order following a hearing, but later vacated that order and denied the request on November 8, 2018. (doc 1-1 at 78, 125.) On November 19, 2018, Defendant removed this action, asserting diversity jurisdiction under 28 U.S.C. § 1332. (doc. 1 at 1-4.)

Plaintiffs seek to quiet title "and forever remove a cloud on the [P]roperty" on grounds that they hold superior title to the Property, and that the Deed of Trust on the subject property is void because the statute of limitations to foreclose on the Property ran on November 11, 2017— four years and twenty-five days after the initial acceleration date of October 17, 2013. (doc 1-1 at 12-14, 16-17.) They assert claims for limitation of actions under Tex. Civ. Prac. & Rem Code § 16.035 and to quiet title, and seek declaratory and injunctive relief. (*Id*. at 17-25.)

On December 3, 2018, Defendant moved to dismiss Plaintiffs' claims for failure to state a claim. (docs. 9-11.) Plaintiffs filed their response on January 3, 2019, and Defendant filed its reply on January 31, 2019. (docs. 19; 23.) On February 7, 2019, Plaintiffs filed an opposed motion to file

3

a surreply to address what they allege were new arguments raised by Defendant in its reply. (*See* docs. 24-25.) On April 24, 2019, Plaintiffs filed an emergency application for a temporary restraining order and preliminary injunction to prevent the foreclosure sale of the Property, which was rescheduled for May 7, 2019, until this was resolved, Defendant responded on May 1, 2019, and Plaintiffs replied on May 2, 2019. (docs. 28; 31-34.)[3] On May 8, 2019, Defendant filed a notice with the Court, notifying it that the foreclosure sale of the Property was completed on May 7, 2019. (doc. 40.) The motions are now ripe for recommendation.

## II. MOTION FOR LEAVE TO FILE SURREPLY

Plaintiffs request leave to file a surreply to address alleged new arguments in Defendant's reply brief. (doc. 24 at 1-2.)

The purpose of filing a reply "is to give the movant the final opportunity to be heard, and to rebut the nonmovants' response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Info–Power Int'l, Inc. v. Coldwater Tech., Inc.*, No. 3:07-CV-0937-P, 2008 WL 5552245, at *8 (N.D. Tex. Dec. 31, 2008) (citation and internal quotation marks omitted). Accordingly, "a court generally will not consider arguments raised for the first time in a reply brief." *Pennsylvania Gen. Ins. Co. v. Story*, No. 3:03-CV-0330-G, 2003 WL 21435511, at *1 (N.D. Tex. June 10, 2003) (citations omitted). An exception may be made, however, and leave to file a surreply may be granted to allow the "nonmovants . . . a chance to respond" to the movant's newly-asserted theories or evidence. *See id*. Leave to file a surreply is unwarranted, however, where the proposed

---

[3] Defendant filed a surreply to the emergency motion for a temporary restraining order without leave of court on May 3, 2019. (doc. 35.) The local rules require leave of court before filing a surreply. *See* L.R. 56.7. Because Defendant did not seek leave to file its surreply, "it will not be considered." *Neely v. Khurana*, No. 3:07-CV-1344-D, 2009 WL 1605649, at *3 n.4 (N.D. Tex. June 5, 2009). Even if considered, however, the findings or ultimate recommendation on Plaintiffs' request for a temporary restraining order would remain the same.

4

surreply merely restates the arguments made in the party's initial response. *See, e.g., Williams v. Aviall Serv. Inc.*, 76 F. App'x 534, 535 (5th Cir. 2003) (affirming the denial of a party's motion for leave to file a surreply because the surreply did not include new arguments or evidence); *Berkman v. City of Keene*, No. 3:10-CV-2378-B, 2011 WL 3268214, at *5 (N.D. Tex. July 29, 2011) (denying a party's motion for leave to file a surreply because the proposed surreply involved no new issues).

Here, Defendant's alleged "mischaracterization of Plaintiffs' arguments . . . and new arguments" do not create new issues or amount to new evidence. *See Branton v. City of Dallas*, No. 3:97-CV-0245-P, 1999 WL 765646 (N.D. Tex. Sept. 23, 1999) (denying motion for leave to file a sur-reply correcting inaccuracies in the reply, finding "that no justification for the filing of materials outside the normal course of briefing has been shown."), *rev'd on other grounds*, *Branton v. City of Dallas*, 272 F.3d 730 (5th Cir. 2001). Moreover, to the extent Plaintiffs complain that Defendant raised new arguments by introducing new rules or mischaracterizing their arguments, it was unnecessary to reach those alleged new arguments. Any surreply to address them is unnecessary. Plaintiffs' motion for leave to file a surreply is **DENIED**.

### III. RULE 12(b)(6) MOTION

Defendant moves to dismiss all of Plaintiffs' claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. (docs. 9 at 1; 10 at 1.)

**A.     Legal Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that

5

"*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*,

6

197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). However, "[i]f . . . matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Accordingly, documents falling in these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Plaintiffs attached to their petition copies of the Deed of Trust, Note, Notice of Acceleration, and Notice of Posting and Sale. (docs. 1-1 at 18, 51, 59, 55 .) These documents are therefore considered part of the pleadings. *See Katrina Canal Breaches Litig.*, 495 F.3d at 205. Defendants similarly attached to their motion to dismiss copies of the counterclaim and amended judgment from

7

the prior lawsuit, as well as the Fifth Circuit's dismissal of the appeal from the decision in the prior lawsuit. (*See* docs. 10-1; 11-1.) These documents can be judicially noticed because they are matters of public record and their contents cannot reasonably be disputed, so it is unnecessary to convert Defendant's motion to dismiss into a summary judgment motion. *See Norris*, 500 F.3d at 461 n.9; *see Taylor v. Charter Medical Corp.*, 162 F.3d 827, 831 (5th Cir. 1998) (noting that the district court could take judicial notice of a judgment entered in a different case for the limited purpose of taking as true the action of the court in entering the judgment); *see also* Fed. R. Evid. 201(b)(2) (a court may take judicial notice of a fact when it "can be accurately and readily determined from sources whose accuracy cannot reasonably be disputed").

**B.      Statute of Limitations**

Defendant first moves to dismiss Plaintiffs' claim that it is barred from foreclosing on the Property due to the four-year statute of limitations under Tex. Civ. Prac. & Rem. Code § 16.035. (doc. 10 at 3-5.) It contends that foreclosure was not barred because "a suit to enforce a real property lien was filed within four years of the date of acceleration." (*Id.* at 3.) Plaintiffs respond that it was required to initiate its non-judicial foreclosure sale within four years of the date the cause of action accrued, which was October 17, 2013, the date the loan was accelerated. (doc. 19 at 3-6.)

In Texas,[4] a secured lender "must bring suit for . . . the foreclosure of a real property lien not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code §

---

[4] "It is a long-recognized principle that federal courts sitting in diversity cases 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). In this diversity case, the Note and Deed of Trust were made in Texas, they include choice of law clauses stating that they are to be governed by Texas law, and the parties do not dispute that Texas law applies. (doc. 1-1 at 40-41, 61); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1413 (5th Cir. 1995) (quoting *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984)) ("[T]he law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue."); *see also Faloona by Fredrickson v. Hustler Magazine, Inc.*, 799 F.2d 1000, 1003 (5th Cir. 1986) (citing *Duncan*, 665 S.W.2d at 421) (contacts to take into account in determining the applicable law include the place of contracting and place of performance).

16.035(a); *see Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015). Additionally, "[a] sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.035(b). For notes payable in installments and secured by a real property lien, "the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment. § 16.035(e). Once the four-year limitation expires, "the real property lien and a power of sale to enforce the real property lien become void. *Id*. at § 16.035(d).

If a note or deed of trust contains an optional acceleration clause, "default does not ipso facto start limitations running on the note." *DTND Sierra Investments LLC v. Bank of New York Mellon Trust Co.*, N.A., 958 F. Supp. 2d 738, 749 (W.D. Tex. 2013) (citing *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)). The cause of action accrues only when the holder exercises its option to accelerate. *Id*. "Effective acceleration requires two acts: (i) notice of intent to accelerate, and (ii) notice of acceleration." *Mendoza v. Wells Fargo Bank, N.A.*, No. H-14-054, 2014 WL 2624938, at *5 (S.D. Tex. June 12, 2014) (quoting *Holy Cross*, 44 S.W.3d at 566). A noteholder who has accelerated a note may abandon acceleration, however, "if the holder continues to accept payments without exacting any remedies available to it upon declared maturity." *Id*.; *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Acceleration may also be abandoned by agreement or by other action of the parties. *Khan*, 371 S.W.3d at 353. Once abandoned, the contract is restored to its original condition, including restoration of the original maturity date. *See id*.; *Denbina v. City of Hurst*, 516 S.W.2d 460, 463 (Tex. Civ. App.—Tyler 1974, no writ.).

Here, it is undisputed that Defendant exercised the option to accelerate the note on October

17, 2013, which started the running of the four-year statute of limitations under § 16.035. (docs. 1-1 at 16; 10 at 2; 19 at 5.) It filed its counterclaim seeking a non-judicial foreclosure in the First Lawsuit on November 19, 2014, which was within four years of the initial acceleration date. (doc 1-1 at 99.) Defendant therefore complied with § 16.035(a).

Plaintiffs argue that Defendant must also comply with § 16.035(b). (doc. 19 at 5.) In *Metcalf v. Wilmington Sav. Fund Soc'y, FSB*, No. 03-16-00795-CV, 2017 WL 1228886, at *3-4 (Tex. App.—Austin Mar. 29, 2017, pet. denied), the mortgage servicer filed a counterclaim seeking authorization to proceed with a non-judicial foreclosure sale of property under the terms of a deed of trust. The court held that "[t]he plain language of section 16.035(a) does not require that the actual foreclosure occur within the four-year limitations period, but rather 'requires only that the party seeking foreclosure 'bring suit . . . not later than four years after the day the cause of action accrues.'" *Id.* at *4 (quoting *Slay v. Nationstar Mortg., L.L.C.*, No. 02-09-0052-CV, 2010 WL 670095, at *3 (Tex. App.—Fort Worth Feb. 25, 2010, pet. denied) (mem. op.)). It found that the defendants' "counterclaim seeking confirmation of the right to foreclose under the [d]eed of [t]rust and, in the alternative, an order for foreclosure, served to prevent the four-year limitations period in section 16.035 from expiring and the deed of trust and power of sale from becoming void." *Id*.

Similarly, in *Maluski v. Rushmore Loan Management Services, LLC*, No. 14-17-00233-CV, 2018 WL 4780794 (Tex. App.—Houston [14th Dist.] Oct. 4, 2018), the defendant brought suit to foreclose on property by filing a counterclaim for an order permitting foreclosure on the property pursuant to the security instrument. The plaintiff argued that the defendant was time-barred from pursuing foreclosure because the foreclosure sale was not initiated within four years of the acceleration under § 16.035(b). *Id.* at *4–5. Relying on *Metcalf*, the court concluded that:

> (1) [defendant's] . . . claim, seeking an order permitting foreclosure of the property under the security instrument and an order for judicial foreclosure, prevented the four-year limitations period in section 16.035 from expiring and the real property lien and power of sale from becoming void; (2) [defendant] was not required to foreclose on and sell the property within four years of the note acceleration; and (3) the trial court properly concluded that the statute of limitations does not bar the foreclosure and sale of the property . . . .

*Id.* at 8.

In *Santiago v. Bank of New York Mellon*, No. 418CV00533ALMCAN, 2018 WL 7138389 (E.D. Tex. Dec. 27, 2018), the plaintiffs similarly filed a complaint to invalidate a foreclosure sale based on the statute of limitations and asserted claims for quiet title and declaratory relief. *Santiago*, 2018 WL 7138389, at *2. Following *Maluski*, the court determined that the "[d]efendants' counterclaim for non-judicial foreclosure preserved the validity of the real property lien under section 16.035(a) and therefore [d]efendants [were] not time-barred from pursuing foreclosure." *Id.* at 8. It concluded that it was unnecessary to "satisfy both sections 16.035(a) and 16.035(b) to preserve the validity of their real property lien." *Id.*

Based on these cases, Defendant complied with § 16.035(a) by filing its counterclaim in the prior lawsuit within the four year limitations period; it was not required to "satisfy both sections 16.035(a) and 16.035(b)" in order to preserve the validity of the lien over the Property. *Id.* Similar to *Santiago*, Defendant's counterclaim "preserved the validity of the real property lien," and it is not time-barred by the statute of limitations from pursuing foreclosure of the Property.[5] *See id.* Accordingly, Plaintiffs' claim that Defendant is barred from foreclosing on the Property due to the

---

[5] Plaintiffs also argue that the counterclaim did not toll the statute of limitations because once Defendant accelerated the loan and got an order to foreclose, no subsequent lawsuits or counterclaims could toll the limitations period. (doc. 19 at 5-8.) The application that resulted in the order to foreclose "did not satisfy the first requirement of 'bringing suit.'" *Wheeler v. U.S. Bank Nat'l Ass'n*, No. H-14-0874, 2016 WL 554846, at *7 (S.D. Tex. Feb. 10, 2016). Defendant satisfied the requirements of § 16.035 when it filed its counterclaim, so the statute of limitations never expired. *See id.* It is therefore unnecessary to consider whether the limitations period was tolled.

11

statute of limitations should be dismissed.

### C. Quiet Title Claim

Defendant next argues that "Plaintiffs' quiet title claim fails because Plaintiffs fail to allege facts demonstrating the strength of their title." (doc. 10 at 4.)

Under Texas law, to prevail in a suit to quiet title, the plaintiff must prove: (1) her right, title, or ownership in real property; (2) that the defendant has asserted a "cloud" on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid. *See Warren v. Bank of America, N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014) (citing *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.)). In a suit to quiet title, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see [that] he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied). The plaintiff must recover on the strength of her own title, not on the weakness of her adversary's title. *See Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.). The plaintiff has the burden of establishing her superior equity and right to relief. *Wagner v. CitiMortgage, Inc.*, 995 F. Supp. 2d 621, 626 (N.D. Tex. 2014) (citing *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)).

Here, Plaintiffs allege that they hold superior title to the Property based on a "Warranty Deed with Vendor's Lien dated August 24, 1993," and that their "property is affected by a time barred, invalid and unenforceable claim based on the void Deed of Trust purportedly held by Defendant." (doc. 1-1 at 12-14, 28-29.) Conceding that Defendant's claim appears to be facially

12

valid, they claim it is "void, invalid and unenforceable due to the expiration of the statute of limitations." (*Id.*) As discussed, however, Defendant's claim against the Property remains valid because it preserved the validity of the lien on the Property when it filed its counterclaim in the prior lawsuit before the expiration of the statute of limitations. *See Santiago*, 2018 WL 7138389, at *8. Accordingly, Plaintiffs have failed to sufficiently allege that Defendant's claim is invalid and unenforceable, and as the mortgage servicer of the loan, Defendant may lawfully foreclose on a security interest. Tex. Prop. Code § 51.0025; *see Broyles v. Chase Home Finance*, No. 3:10-CV-2256-G, 2011 WL 1428904, at *3 (N.D. Tex. April 13, 2011); *Wells v. BAC Home Loans Servicing, L.P.*, No. W-10-CA-00350, 2011 WL 2163987, at *3 (W.D. Tex. April 26, 2011) ("Under Texas law, a mortgage servicer can foreclose under a deed of trust, regardless of whether it is a holder."). Because Defendant's claim is not barred by limitations, and it has shown that the lien on the Property is valid, Plaintiffs' quiet title claim should also be dismissed for failure to state a claim. *See Lucas v. Ocwen Home Loan Servicing*, No. 3:13-CV-1057-G, 2014 WL 7059274, at *7 (N.D. Tex. Nov. 21, 2014), *adopted by*, 2014 WL 7146033 (N.D. Tex. Dec. 12, 2014).

**D.** **<u>Declaratory Relief</u>**

Defendant also contends that "Plaintiffs have failed to state a claim for declaratory judgment." (doc. 10 at 5-6.)

When a declaratory judgement action is filed in state court and is subsequently removed to federal court, "it is converted to one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." *Bell v. Bank of America Home Loan Servicing LP*, No. 4:11-CV-02085, 2012 WL 568755. at *8 (S.D. Tex. Feb. 21, 2012). The Declaratory Judgment Act allows a federal court to declare the rights and legal relations of any interested party. 28 U.S.C.§ 2201. The availability of

a declaratory judgment depends upon the existence of a judicially remediable right, however. See Bell, 2012 WL568755, at *8.

Here, Plaintiffs seek a declaration that Defendant's attempt to foreclose on the Property is invalid based on their claim that the Deed of Trust, property lien, and power of sale are void due to the expiration of the statute of limitations. (doc 1-1 at 19.) This claim was already determined to be invalid, however, and Plaintiffs have failed to allege any facts giving rise to any plausible substantive claim or present a genuine issue of controversy between the parties. *See Bell*, 2012 WL 568755, at *8 (denying the plaintiff's request for declaratory judgment where she had alleged no facts leading to a conclusion that a present controversy existed between her an the defendant); *Turner v. AmericaHomeKey, Inc.*, No. 3:11-CV-0860-D, 2011 WL 3606688, at *6-7 (N.D. Tex. Aug. 16, 2011), *aff'd by*, 2013 WL 657772 (5th Cir. Feb. 22, 2013) (declining to entertain the plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim). Defendant's motion to dismiss Plaintiffs' request for a declaratory judgment should be granted.

### E.     Injunctive Relief

Lastly, Defendant moves to dismiss Plaintiffs' request for injunctive relief because they fail to "demonstrate a likelihood of success on the merits . . . ." (doc. 10 at 7.)

To obtain injunctive relief, a plaintiff "is required to plead and prove, *inter alia*, 'a substantial likelihood of success on the merits.'" *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing DSC *Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)). Plaintiffs seek an injunction to prevent Defendant from foreclosing on the property. (doc. 19 at 10.) Because their substantive claims are subject to dismissal on the merits, they cannot establish a likelihood of success on the merits. *See*

*Mitchem v. Mortg. Elec. Registration Servs., Inc.*, No. 3:12-CV-1762-M-BH, 2013 WL 3870038, at *11 (N.D. Tex. July 26, 2013). Accordingly, Defendant's motion to dismiss Plaintiffs' request for injunctive relief should be granted, and Plaintiffs' application for a temporary restraining order and preliminary injunction to prevent the foreclosure sale of the Property should be denied.[6]

## IV. OPPORTUNITY TO AMEND

Notwithstanding a *pro se* party's failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010). Nonetheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

---

[6] As noted, Plaintiffs also filed an application for a temporary restraining order and preliminary injunction to prevent the foreclosure sale of the Property, which was rescheduled for May 7, 2019, and to "preserve their status quo ante until all of the issues in the instant action can be resolved." (doc. 28 at 1, 4.)

Here, all of Plaintiffs' claims are based on their belief that any claims against the Property are barred by the statute of limitations. (*See* doc. 1-1 at 10-26.) As discussed, the claims are not barred by the statute of limitations and remain valid, and this is Plaintiffs' second lawsuit to stop foreclosure and of the Property, which has now occurred. It appears Plaintiffs have alleged their best case, and an opportunity to amend is unwarranted.

## V. RECOMMENDATION

Defendant's motion to dismiss should be **GRANTED**, and Plaintiffs' application for a temporary restraining order and preliminary injunction should be **DENIED**. All of Plaintiffs' claims should be **DISMISSED with prejudice** for failure to state a claim.

**SO RECOMMENDED** on this 10th day of May, 2019.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on the parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 day after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the findings or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglas v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE