IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRAIG PITTMAN, Individually, | § | |
| KELLY KONACK PITTMAN, Individually, | § | |
|     Plaintiffs, | § | |
| vs. | § | Civil Action No. 3:18-CV-3076-M-BH |
| | § | |
| SETERUS, INC., | § | |
|     Defendant. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the plaintiffs' *Motion Under Rule 19 and Rule 20 of the Federal Rules of Civil Procedure to Add Nationstar Mortgage LLC d/b/a Mr. Cooper as a Party to Plaintiffs' Verified Original Petition for Declaratory Relief, Application for Temporary Restraining Order and Temporary Injunction*, filed April 15, 2019 (doc. 26). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

This removed case involves the attempted foreclosure of real property located at 9310 Mill Hollow Drive, Dallas, Texas 75243 (the Property). (doc. 1-1 at 11.)[2] On December 1, 2005, Craig Pittman and Kelly Konack Pittman (Plaintiffs) executed a Texas Home Equity Adjustable Rate Note (the Note) secured by a Texas Home Equity Security Instrument (Deed of Trust) (collectively, the Loan Agreement) in favor of First Magnus Financial Company (FMFC) encumbering the Property for the original principal amount of $220,000.00. (*Id.* at 16-18, 32-46, 49, 59-62.) Under the terms of the Loan Agreement, Plaintiffs would be in default if they failed to timely pay the full amount of each required monthly payment and subject to acceleration of the loan and foreclosure proceedings.

---

[1] By *Special Order No. 3-251*, this case has been automatically referred for screening.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(*Id.* at 34, 43-44, 60-61.)  Plaintiffs failed to make their payments under the Loan Agreement, and the debt was accelerated on October 17, 2013.  (*Id.* at 16, 55-56.)

Plaintiffs filed their first *pro se* lawsuit against FMFC, current mortgagee Federal National Mortgage Association (Fannie Mae), mortgage servicer Seterus, Inc. (Defendant), and others, to prevent the foreclosure sale of the Property on October 3, 2014.  (doc. 1-1 at 99-100); s*ee Craig Pittman and Kelly Konack Pittman v. Seterus, Inc., et al.*, Civil Action No. 3:14-CV-3852-M (BF) (N.D. Tex.).  The lawsuit was subsequently removed to federal court on October 29, 2014.  (*Id.* at 100.)  On June 15, 2015, the defendants moved for summary judgment on all of Plaintiffs' claims, which was granted.  *Pittman v. Seterus, Inc.*, No. 3:14-CV-3852-M (BF), 2015 WL 7444108, at *1 (N.D. Tex. Oct. 28, 2015), *adopted by*, 2015 WL 7424766 (N.D. Tex. Nov. 23, 2015); *see Pittman v. Seterus, Inc.*, No. 3:14-CV-3852-M (BF), 2015 WL 7424766, at *1 (N.D. Tex. Nov. 23, 2015).  On January 19, 2016, the District Court entered an amended judgment specifically addressing a counterclaim filed by Fannie Mae, and determined that the Loan Agreement could be enforced "through non-judicial foreclosure of the Property . . . ."  (doc. 1-1 at 93-95.)

On November 2, 2018, Plaintiffs filed this action against Defendant in the 192nd District Court of Dallas County to stop a foreclosure sale scheduled for November 6, 2018.  (doc. 1-1 at 10-24.)  Defendant removed it on November 19, 2018, and moved to dismiss on December 3, 2018.  (*See* docs. 1 at 1-4; 9.)  On April 15, 2019, Plaintiffs moved to add Nationstar Mortgage, LLC d/b/a Mr. Cooper (Nationstar) as a party to this action based on a notice of servicing transfer to Nationstar that they received from Defendant on February 11, 2019.  (*See* doc. 26 at 2, 9.)  Defendant filed a response on May 6, 2019.  (docs. 37-38.)  On May 10, 2019, it was recommended that Defendant's motion to dismiss be granted.  (*See* doc. 41.)

## II. RULE 19

Plaintiffs move to join Nationstar as a party under Rule 19 of the Federal Rules of Civil Procedure. (doc. 26 at 2-3.)

Rule 19(a)(1) provides:

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (I) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(B). "While the party advocating joinder has the initial burden of demonstrating that a missing party is necessary, after an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Hood ex. rel. Miss. v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009) (internal citation and quotation marks omitted).

If a person cannot be joined without destroying the court's subject-matter jurisdiction, the court must then determine whether he is "indispensable" i.e. whether the litigation can properly be pursued without him. *Id.*; *see* Fed. R. Civ. P. 19(b). Factors a court must consider include (1) the extent to which a judgment would prejudice an absent person or the existing parties; (2) the extent to which the prejudice can be relieved or avoided by protective provisions in the judgment, shaping

3

the relief, or other measures; (3) the adequacy of a judgement rendered in the person's absence; and (4) the adequacy of the plaintiff's remedy if the action is dismissed for non-joinder. *Id.*

Here, Plaintiffs argue that Nationstar should be joined as a party because the second notice of foreclosure sale lists it as the party authorized to foreclose on the Property. (doc. 26 at 3.) They also claim that it is a required defendant because it is the new mortgage servicer. (*Id.* at 2, 9.)[3] "[C]ourts that have addressed the issue of whether the mortgage servicer was a necessary party have determined that the mortgage servicer was only a nominal party whose presence was not necessary and whose absence would not prevent the courts from entering a final judgment." *U.S. Bank Nat'l Ass'n v. Richardson*, No. 3:17-CV-2271-L, 2019 WL 1115059, at *4 (N.D. Tex. Mar. 11, 2019) (citing *Powell v. Nationstar Mortg. LLC*, No. 4:16-CV-251, 2017 WL 191261, at *2 (E.D. Tex., Jan. 18, 2017)); *see Schmelzer v. Nationstar Mortg., LLC*, No. 4:16-CV-389, 2016 WL 4368735, *1 (E.D. Tex. August 16, 2016)). Because it is not a necessary party, Plaintiffs' motion to add Nationstar as a defendant under Rule 19 should be denied.

### III. RULE 20

Plaintiffs alternatively "request leave of the Court to join Nationstar as a [d]efendant to [their] [c]omplaint under Rule 20 of the Federal Rules of Civil Procedure." (doc. 26 at 3, 5.)

Rule 20(a)(2) provides that defendants may be joined in an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the

---

[3] Plaintiffs also claim that Nationstar is now the mortgagee of the Property. (doc. 26 at 2, 4.) They acknowledge, however, that the only paperwork listing Nationstar as the mortgagee is the notice of posting and sale that was received from counsel, and there is no other documentation showing that the Note and/or Deed of Trust was assigned to Nationstar. (*Id.* at 2-3.) They also point out that they searched the official property records of Dallas County and were "unable to locate any recorded assignments of lien or any other assignments related to Nationstar being the [g]rantee of any such assignment or transfer." (*Id.* at 3.) Defendant's notice of the transfer of servicing and its response only identify Nationstar as the new mortgage servicer. (*See* docs. 26 at 9; 38 at 2.)

same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "To seek permissive joinder [under Rule 20], Plaintiffs must first obtain leave to amend their complaint under Rule 15(a)(2)." *Arnold v. Chesapeake Energy Corp.*, No. 3:15-CV-2044-N, 2015 WL 13574300, at *2 (N.D. Tex. Nov. 4, 2015) (citing Fed. R. Civ. P. 15(a)(2)); *see Ellis v. CommScope, Inc. of North Carolina*, No. 3:07-CV-1938-G, 2008 WL 4191482, at *1–2 (N.D. Tex. Sept. 11, 2008) (citations omitted) (recognizing that a plaintiff must first obtain leave of court under Rule 15(a) when seeking to join additional parties under Rule 20); *Leblue v. Garske*, No. 1:07-CV-900-TH, 2008 WL 11422097, at *2 (E.D. Tex. June 26, 2008) (citation omitted) ("To add a new party to a suit, . . . the pleadings normally must be amended in accordance with Rule 15 procedures."). The request to add Nationstar is therefore addressed under Rule 15. *See also Aircraft Holding Solutions, LLC v. Learjet, Inc.*, No. 3:18-CV-0823-D, 2018 WL 6696350, at *1 (N.D. Tex. Dec. 20, 2018) (finding that although relief was requested under Rules 15, 19, and 20, it was only necessary to address Rule 15).

## IV. RULE 15

As noted, Plaintiffs must first obtain leave to amend their complaint under Rule 15 in order to seek to add Nationstar as a defendant. *See Arnold*, 2015 WL 13574300, at *2.[4]

Rule 15(a)(1) of the Federal Rules of Civil Procedure provides:

A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

---

[4] Their motion to add a party may also be liberally construed as a motion for leave to amend their complaint under Rule 15 based on their alternative request for leave to add Nationstar as a defendant. (doc. 26 at 3, 5.)

> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a). Rule 15(a) evinces a bias in favor of amendment and requires that leave be granted "freely." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982). A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend "should not be denied 'unless there is a *substantial reason* to do so.'" *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998) (emphasis added) (quoting *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)). There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Any motion to amend the complaint to include Nationstar as a defendant is subject to denial as futile. In the context of a motion for leave to amend, the Fifth Circuit has interpreted futility to mean that "the amended complaint would fail to state a claim upon which relief could be granted," so courts must apply the same standard as under Rule 12(b)(6). *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Determination of whether a proposed amended complaint would sufficiently state a claim is typically better addressed "in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer." *Smallwood v. Bank of Am.*, No. 3:11-CV-1283-

D, 2011 WL 4941044, at *1 (N.D. Tex. Oct. 17, 2011).[5] In this case, however, the same claims and arguments raised against the prior mortgage servicer that would be raised against Nationstar in an amended complaint have already been considered under Rule 12(b)(6), and it has been recommended that Plaintiffs' claims be dismissed for failure to state a claim because the foreclosure of the Property is not time-barred. (*See* doc. 41.)

Accordingly, any motion for leave to amend to add Nationstar as a new defendant in this action should be denied because such an amendment would be futile.[6]

## V. RULE 25

In its response, Defendant contends that Nationstar should substituted, instead of added, in its place as a defendant because it is the new mortgage servicer. (doc. 38 at 2.) Defendant cites no authority for substituting Nationstar as a defendant in its place, however. (*See id.*) Even construing Defendant's argument as arising under Federal Rule of Civil Procedure 25, which permits the substitution of parties under certain circumstances,[7] the case law does not support substituting Nationstar for Defendant based on the transfer of interest as a loan servicer. The fact that Defendant's "interest as the loan servicer was merely transferred to [Nationstar]" would make any

---

[5] *See also McDade v. Wells Fargo Bank, N.A.*, No. CIV.A. H-10-3733, 2011 WL 4860023, at *4 (S.D. Tex. Oct. 13, 2011) (explaining that in the context of a motion for leave, futility means that "the amended complaint would fail to state a claim upon which relief could be granted") (citing *Stripling*).

[6] Local Rule 15.1(b) provides that when a party electronically files a motion for leave to file an amended pleading, the party must attach a copy of the proposed amended pleading to the motion as an exhibit. Compliance with the rules of procedure is required of all parties, whether or not they are represented by counsel, and leave to amend may be denied for non-compliance. *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 798 (N.D. Tex. 2005) (accepting recommendation). Any motion for leave to amend the complaint does not comply with the local rule and is also subject to denial on that basis.

[7] Rule 25 provides in relevant part that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c).

proposed substitution futile because "Plaintiffs are not relieved from their obligation to pay their mortgage simply because [Defendant's] interest as the loan servicer was transferred to [Nationstar]." *Gorman v. First Consolidated Mortg. Co.*, No. 4:12-CV-98, 2017 WL 515158, at *3 (E.D. Tex. Feb. 7, 2017) (citations omitted). Any motion to substitute should also be denied.

## VI. RECOMMENDATION

Plaintiffs' motion should be **DENIED**.

**SO RECOMMENDED** on this 13th day of May, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on the parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 day after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the findings or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglas v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE